IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. Action No. 16-895-GMS |
| ) | |
| ROBERT M. COUPE, et al., ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM ORDER**

At Wilmington this 14th day of Oct, 2016;

IT IS HEREBY ORDERED that:

1. Petitioner James Arthur Biggins ("Biggins") filed a petition for a writ of mandamus (D.I. 1) for the court "to exercise its lawful authority upon the lower courts and named defendants to compel their official and individual responsibilities to adhere to both the state and federal constitutions' protection of his religious freedoms of exercise of religion." (*Id.*) Biggins, an inmate, is housed at the James T. Vaughn Correctional Center, Smyrna, Delaware. He appears *pro se* and filed this instant action without paying the filing fee or seeking leave to proceed *in forma pauperis*.

2. The Third Circuit has ruled that generally, mandamus petitions are not civil actions subject to the requirements of the Prison Litigation Reform Act ("PLRA"). *Madden v. Myers*, 102 F.3d 74, 77 (3d Cir. 1996). An exception to this rule exists where a "prisoner litigant attempts to evade the requirements of the PLRA by masking as a mandamus petition a paper that is otherwise subject to the PLRA." *Id.* at 78; *see also In re: Jonathan Steele*, 251 F. App'x 772,

1

773 (3d Cir. 2007) (unpublished). Because the present case is not a bona fide mandamus action; the court will treat it as what it really is, a civil rights action, given that it raises free exercise of religion claims.

3. The PLRA provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (*i.e.*, April 26, 1996) is counted when applying the "three strikes rule". *Keener v. Pennsylvania Bd. of Probation & Parole*, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule", when the prisoner is in imminent danger of serious physical injury. A prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. § 1915(g).

4. Biggins, while incarcerated, has filed more than three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Biggins v. Danberg*, Civ. No. 10-732-GMS (D. Del. Jan. 15, 2013) (dismissed as frivolous); *Biggins v. Seaton*, Civ. No. 10-1488-PJM (D. Md. June 11, 2010) (dismissed for failure to state a claim; *Biggins v. Markell*, Civ. No. 09-245-GMS (D. Del. Feb. 9, 2011) (dismissed as frivolous); *Biggins v. Campbell*, Civ. No. 99-872-GMS (D. Del. May 2, 2001) (dismissed as frivolous); *Biggins v. Withers*, Civ. No. 98-438-LON (D. Del. Oct. 22, 1998) (dismissed as frivolous). Therefore, Biggins may not file another civil action *in forma pauperis* while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of his complaint.

28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001). After reviewing his pleading, the court concludes that it does not meet that standard. Based upon the foregoing, Biggins is not excused from the restrictions under § 1915(g), and he may not proceed *in forma pauperis*.

THEREFORE, IT IS HEREBY ORDERED that:

1. The plaintiff may not proceed *in forma pauperis*.

2. The plaintiff is given **thirty (30) days** from the date of this order to pay the $400.00 filing fee. If the plaintiff does not pay the filing fee within that time, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

_____
UNITED STATES DISTRICT JUDGE