IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. Action No. 16-895-GMS |
| | ) |
| ROBERT M. COUPE, et al., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM ORDER**

At Wilmington this 2nd day of Dec , 2016, having considered the plaintiff's motion for reconsideration (D.I. 4);

IT IS HEREBY ORDERED that: (1) the motion for reconsideration (D.I. 4) is **denied**; (2) the plaintiff is given **thirty (30) days** from the date of this order to pay the $400.00 filing fee; and (3) the plaintiff is placed on notice that, if the filing fee is not paid within that time, the complaint shall be dismissed without prejudice and closed pursuant to 28 U.S.C. § 1915(g), for the reasons that follow:

The plaintiff James Arthur Biggins ("Biggins"), an inmate, is housed at the James T. Vaughn Correctional Center in Smyrna, Delaware. He appears *pro se* and commenced this instant action without paying the filing fee or seeking leave to proceed *in forma pauperis*. He filed this action as a petition for a writ of mandamus (D.I. 1) for the court "to exercise its lawful authority upon the lower courts and named defendants to compel their official and individual responsibilities to adhere to both the state and federal constitutions' protection of his religious freedoms of exercise of religion." (*Id.*) The court reviewed the petition and, on October 14,

2016, concluded that it was not a bona fide mandamus action, but a civil rights action, given that it raises free exercise of religion claims. (*See* D.I. 3.)

In the same order, the court concluded that Biggins could not proceed *in forma pauperis* given that he had three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted, and the instant complaint did not allege imminent harm. (D.I. 3); *see* 28 U.S.C. § 1915(g). Biggins now moves for reconsideration of the court's order. (*See* D.I. 4.)

The standard for obtaining relief under Rule 59(e) is difficult for Biggins to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the

2

court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Upon review of the petition/complaint, the October 14, 2016 order, and Biggins' pending motion, the court concludes that Biggins has failed to demonstrate any of the necessary grounds to warrant a reconsideration of the court's October 14, 2016 order that found the petition for a writ of mandamus is not a bona fide action but, rather, is a civil rights action.

UNITED STATES DISTRICT JUDGE